IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON J. ANDERSON, et al., | No. CIV S-11-1795-MCE-CMK |
| Plaintiffs, | |
| vs. | ORDER |
| GREG ECHOLS, et al., | |
| Defendants. | |
| _____/ | |

Plaintiffs, who are proceeding pro se, bring this civil action for, among other things, determination of ownership interests in the "Stringer Mine." The matter was set for an initial status/scheduling conference on December 1, 2011, before the undersigned in Redding, California. Plaintiffs each appeared pro se. No appearances were made on behalf of either named defendant.[1]

---

[1] The court takes this opportunity to correct a misstatement made on the record at the hearing regarding the status of service of process on defendants. A review of the docket reflects that defendant Echols was personally served by the Butte County Sheriff's Department on July 12, 2011. To date defendant Echols has not filed a response to the complaint.

Defendant Logan, however, has not been properly served. Federal Rule of Civil Procedure 4(e) provides that service of process may be accomplished in any of several ways, including compliance with state law for service of process. Here, plaintiffs purport to have followed California law by serving defendant Logan by means of registered mail. While this

1

   The court notes that the parties failed to file the required status/scheduling conference statement, as directed in the order issued on July 8, 2011.  Based on discussion with plaintiffs at the hearing, plaintiffs' failure appears to arise from a good faith oversight on their part.  Defendant Logan, however, was not present at the hearing and has not explained his failure.  Defendant Logan will be directed to show cause why sanctions should not be imposed.  See Local Rule 110.  The status/scheduling conference will be continued to provide the parties time to submit status/scheduling conference statements and to allow defendant Logan to show cause.

   Finally, plaintiffs have requested access to the court's electronic filing system (Doc. 10).  At this time, the court does not find good cause to grant an exception from Eastern District of California Local Rule 133(b)(2) which prohibits pro se litigants from utilizing the court's electronic filing system.  Plaintiffs shall file documents with the court in the manner outlined in Local Rule 133(d).

   Accordingly, IT IS HEREBY ORDERED that:

   1. The initial status/scheduling conference in this matter is continued to January 25, 2012, at 10:00 a.m. in Redding, California;

   2. The parties shall file status/scheduling conference statements consistent with the court's July 8, 2011, order no later than seven days prior to the continued hearing;

   3. Defendant Logan shall show cause, in writing, within 30 days from the date of this order why sanctions should not be imposed for his failure to file a status/scheduling conference statement or appear at the December 1, 2011, hearing;

   4. Plaintiffs' request for access to the court's electronic filing system (Doc. 10) is denied without prejudice; and

---

method is insufficient under California law for cases other than small claims actions, see Cal. Code Civ. P. § 415.30, the issue is moot because defendant Logan entered a general appearance in the action by way of his pro se answer filed on August 2, 2011.  Though this pleading is cursory, it nonetheless suffices as a denial of plaintiffs' claims.  See Fed. R. Civ. P. 8(b).

1       5.       The Clerk of the Court shall update the docket to reflect that defendant Logan has appeared in the action by way of his answer filed on August 2, 2011, and that his address is 2156 Dennis Ray Ave NE, Keizer, OR 97303, and that his phone number is (530) 519-3409.

  DATED:   December 1, 2011

                                         _____
                                         **CRAIG M. KELLISON**
                                         UNITED STATES MAGISTRATE JUDGE