1

2

3

4

5

6

7

8         **IN THE UNITED STATES DISTRICT COURT**

9         **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    RON J. ANDERSON, et al.,                    No. CIV S-11-1795-MCE-CMK

12              Plaintiffs,

13         vs.                              <u>FINDINGS AND RECOMMENDATIONS</u>

14    GREG ECHOLS, et al.,

15              Defendants.

16    _____/

17              Plaintiffs, who are proceeding pro se, bring this civil action for, among other

18    things, determination of ownership interests in the "Stringer Mine."   Pending before the court is

19    defendants' amended motion to dismiss (Doc. 28).  A hearing was held before the undersigned in

20    Redding, California, on June 27, 2012.  All parties appeared pro se.

21    / / /

22    / / /

23    / / /

24    / / /

25    / / /

26    / / /

1

1    This case concerns a dispute over ownership of a mining claim located in Butte

2  County.  In their motion, defendants argue: (1) the court lacks subject matter jurisdiction; (2) the

3  plaintiffs lack legal standing to sue; and (3) this court is the improper venue.  Defendants' motion

4  should be denied.

5    The basis of defendants' motion appears to be their belief that this case should not

6  have been filed in federal court and, instead, belongs in the Butte County Superior Court.  As to

7  subject matter jurisdiction, they argue that a quiet title action, which they assert this is, can only

8  be filed in state court and that this court lacks subject matter jurisdiction.  They are incorrect.  As

9  indicated by statutory references in defendants' own motion, the dispute at the heart of this case

10  is governed by a number of federal mining statutes and regulations because the mining claim at

11  issue is located on federal land.  Moreover, this case implicates federal mining laws codified at

12  Title 30 of the United States Code.  Specifically, 30 U.S.C. § 30 provides for judicial

13  determination to determine issues concerning possession and ownership of mining claims.

14    As to venue, 28 U.S.C. § 1391(b) provides that a civil action may be brought in a

15  judicial district in which any defendant resides, or a judicial district in which a substantial part of

16  the events or omissions giving rise to the claim occurred.  Under either provision, this court is the

17  proper venue because the subject of the action (the mining claim) is located in this district, and

18  because the defendants are located in this district.  In any event, defendants do not argue that a

19  different federal court would be the appropriate venue.  Instead, they argue more generally that

20  the action should not have been brought in federal court at all and that the correct "venue" is the

21  Butte County Superior Court.

22    Finally, as to capacity to sue, defendants argue that plaintiffs lost any interest in

23  the mining claim as a result of various transfers of ownership interests.  As plaintiffs note, this

24  argument goes to the merits of plaintiffs complaint and not to their standing to sue.

25  / / /

26  / / /

1    Based on the foregoing, the undersigned recommends that defendants' motion to

2 dismiss (Doc. 28) be denied.

3    These findings and recommendations are submitted to the United States District

4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

5 after being served with these findings and recommendations, any party may file written

6 objections with the court.  Responses to objections shall be filed within 14 days after service of

7 objections.  Failure to file objections within the specified time may waive the right to appeal.

8 See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9

10   DATED:  June 27, 2012

11

12                                                     CRAIG M. KELLISON
                                                      UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26