IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON J. ANDERSON, et al., | No. CIV S-11-1795-MCE-CMK |
| Plaintiffs, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| GREG ECHOLS, et al., | |
| Defendants. | |
| _____/ | |

Plaintiffs, who are proceeding pro se, bring this civil action for, among other things, determination of ownership interests in the "Stringer Mine." Pending before the court is defendants' amended motion to dismiss (Doc. 28). A hearing was held before the undersigned in Redding, California, on June 27, 2012. All parties appeared pro se.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1          This case concerns a dispute over ownership of a mining claim located in Butte
2   County.  In their motion, defendants argue: (1) the court lacks subject matter jurisdiction; (2) the
3   plaintiffs lack legal standing to sue; and (3) this court is the improper venue.  Defendants' motion
4   should be denied.
5          The basis of defendants' motion appears to be their belief that this case should not
6   have been filed in federal court and, instead, belongs in the Butte County Superior Court.  As to
7   subject matter jurisdiction, they argue that a quiet title action, which they assert this is, can only
8   be filed in state court and that this court lacks subject matter jurisdiction.  They are incorrect.  As
9   indicated by statutory references in defendants' own motion, the dispute at the heart of this case
10  is governed by a number of federal mining statutes and regulations because the mining claim at
11  issue is located on federal land.  Moreover, this case implicates federal mining laws codified at
12  Title 30 of the United States Code.  Specifically, 30 U.S.C. § 30 provides for judicial
13  determination to determine issues concerning possession and ownership of mining claims.
14         As to venue, 28 U.S.C. § 1391(b) provides that a civil action may be brought in a
15  judicial district in which any defendant resides, or a judicial district in which a substantial part of
16  the events or omissions giving rise to the claim occurred.  Under either provision, this court is the
17  proper venue because the subject of the action (the mining claim) is located in this district, and
18  because the defendants are located in this district.  In any event, defendants do not argue that a
19  different federal court would be the appropriate venue.  Instead, they argue more generally that
20  the action should not have been brought in federal court at all and that the correct "venue" is the
21  Butte County Superior Court.
22         Finally, as to capacity to sue, defendants argue that plaintiffs lost any interest in
23  the mining claim as a result of various transfers of ownership interests.  As plaintiffs note, this
24  argument goes to the merits of plaintiffs complaint and not to their standing to sue.
25  / / /
26  / / /

Based on the foregoing, the undersigned recommends that defendants' motion to dismiss (Doc. 28) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 27, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE