IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON J. ANDERSON, et al., | No. CIV S-11-1795-MCE-CMK |
| Plaintiffs, | |
| vs. | ORDER |
| GREG ECHOLS, et al., | |
| Defendants. | |
| _____/ | |

Plaintiffs, who are proceeding pro se, bring this civil action for, among other things, determination of ownership interests in the "Stringer Mine."

The parties are informed that they may, if all consent in writing, have this case assigned to the United States Magistrate Judge for all purposes while preserving their right to appeal any final judgment directly to the United States Court of Appeals for the Ninth Circuit or, where appropriate, to the United States Court of Appeals for the Federal Circuit. See 28 U.S.C. § 636(c)(1), (3); see also Fed. R. Civ. P. 73(b)(1); E.D. Cal. Local Rule 305(a), (c). The parties are advised that they are free to withhold consent and that doing so shall not result in any adverse substantive consequences. See § 636(c)(2). If all parties consent to Magistrate Judge jurisdiction, the action will be reassigned to the undersigned for all purposes, including entry of

final judgment.  See Local Rule 301 and Local Rule 305(b).

Because all parties to this litigation are proceeding pro se and because there may be some confusion about what consent to the Magistrate Judge means in terms of jurisdiction to hear the case, the court will now provide some additional clarification.  Declining the jurisdiction of the Magistrate Judge is not the same a declining the jurisdiction of the federal court in general.  The bench of this court consists of District Judges and Magistrate Judges.  The parties have a right to have their case decided on the merits by a District Judge.  They may, as explained above, elect to have the case decided on the merits by the Magistrate Judge.  Either way, the case remains in the federal court, the only difference being in who will hear the ultimate merits of the case.  Also, regardless of the parties' decision, preliminary matters (such as motions to dismiss, discovery motions, etc.) will continue to be decided by the Magistrate Judge.  If the parties elect not to consent to jurisdiction of the Magistrate Judge, dispositive matters would still be initially heard by the Magistrate Judge who will make findings and recommendations which will be submitted to the District Judge for final decision.

As explained at the recent hearing, whether the parties consent to Magistrate Judge jurisdiction or not will have an effect on when this case will be ready for assignment to a courtroom for trial.  If the case is to be decided on the merits by the District Judge, in all likelihood the soonest the matter could be heard for trial would be mid-2013.  This is in large part due to the court's overwhelming criminal calendar, which has priority in scheduling over civil cases.  While the parties may be provided a trial date before the District Judge, the court's experience has been that civil trial dates are almost always bumped in favor of a criminal trial (often times for a crime that has not even been committed yet).  If, however, the parties consent to Magistrate Judge jurisdiction, the court will be able to guarantee a trial date, most likely this calendar year.

/ / /

/ / /

Finally, the court discussed the possibility of an early mediation/settlement conference in this case. If such a hearing is desired, the parties shall inform the court.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to forward to all parties the court's "Notice of Availability of a Magistrate Judge to Exercise Jurisdiction and Appeal Instructions" along with the accompanying consent election form;

2. The parties shall complete and file the consent election form within 30 days of the date of this order; and

3. Within 30 days of the date of this order, the parties shall inform the court whether an early mediation/settlement conference is desired.

DATED: June 27, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE