IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON J. ANDERSON, et al., | No. CIV S-11-1795-MCE-CMK |
|     Plaintiffs, | |
|   vs. | ORDER |
| GREG ECHOLS, et al., | |
|     Defendants. | |
|                                    / | |

        Plaintiffs, who are proceeding pro se, bring this civil action for, among other things, determination of ownership interests in the "Stringer Mine."  Pending before the court is defendants' amended motion to dismiss (Doc. 28).  A hearing was held before the undersigned in Redding, California, on June 27, 2012.  All parties appeared pro se.  On June 28, 2012, the court issued findings and recommendations to the then-assigned District Judge regarding defendants' motion to dismiss.  On August 24, 2012 – before the findings and recommendations were submitted to or reviewed by the then-assigned District Judge – the matter was re-assigned to the undersigned for all purposes, including entry of final judgment, pursuant to the consent of all parties.  See 28 U.S.C. § 636(c).  The June 28, 2012, findings and recommendations will, therefore, be vacated.  Defendants' motion is addressed below.

1

1       This case concerns a dispute over ownership of a mining claim located in Butte
2 County. In their motion, defendants argue: (1) the court lacks subject matter jurisdiction; (2) the
3 plaintiffs lack legal standing to sue; and (3) this court is the improper venue. Defendants' motion
4 should be denied.
5       The basis of defendants' motion appears to be their belief that this case should not
6 have been filed in federal court and, instead, belongs in the Butte County Superior Court. As to
7 subject matter jurisdiction, they argue that a quiet title action, which they assert this is, can only
8 be filed in state court and that this court lacks subject matter jurisdiction. They are incorrect. As
9 indicated by statutory references in defendants' own motion, the dispute at the heart of this case
10 is governed by a number of federal mining statutes and regulations because the mining claim at
11 issue is located on federal land. Moreover, this case implicates federal mining laws codified at
12 Title 30 of the United States Code. Specifically, 30 U.S.C. § 30 provides for judicial
13 determination to determine issues concerning possession and ownership of mining claims.
14       As to venue, 28 U.S.C. § 1391(b) provides that a civil action may be brought in a
15 judicial district in which any defendant resides, or a judicial district in which a substantial part of
16 the events or omissions giving rise to the claim occurred. Under either provision, this court is the
17 proper venue because the subject of the action (the mining claim) is located in this district, and
18 because the defendants are located in this district. In any event, defendants do not argue that a
19 different federal court would be the appropriate venue. Instead, they argue more generally that
20 the action should not have been brought in federal court at all and that the correct "venue" is the
21 Butte County Superior Court.
22       Finally, as to capacity to sue, defendants argue that plaintiffs lost any interest in
23 the mining claim as a result of various transfers of ownership interests. As plaintiffs note, this
24 argument goes to the merits of plaintiffs complaint and not to their standing to sue.
25 / / /
26 / / /

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on June 28, 2012, are vacated; and

2. Defendants' motion to dismiss (Doc. 28) is denied.

DATED: August 31, 2012

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　**CRAIG M. KELLISON**
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE