IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON J. ANDERSON, et al., | No. 2:11-CV-1795-CMK |
|     Plaintiffs, | |
|  vs. | ORDER |
| GREG ECHOLS, et al., | |
|     Defendants. | |
| _____/ | |

      Plaintiffs, who are proceeding pro se, bring this civil action for, among other things, determination of ownership interests in the "Stringer Mine." Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court is defendants' motion for summary judgment (Doc. 51). Also before the court is plaintiffs' motion for leave to amend (Doc. 54).

/ / /

/ / /

/ / /

/ / /

Defendants' motion was noticed to be heard before the undersigned in Redding, California, on March 28, 2013.[1]  See Doc. 51.  The filed-endorsed copy of defendants' notice of motion and accompanying paperwork served on plaintiffs, however, specified a hearing to be held on March 27, 2013.  Plaintiffs, who appeared at the courthouse on March 27, 2013, pursuant to the notice provided to them by defendants, submitted to the court their copy of defendants' motion which shows the hearing date as March 27, 2013.  The version of defendants' motion filed with the court shows a March 28, 2013, hearing date on the notice of motion, but a March 27, 2013, hearing date on the accompanying memorandum of points and authorities.  Plaintiffs again appeared, as did defendant Echols, on March 28, 2013, at which time defendant Echols could not offer any explanation for the discrepancy between the hearing date set with the court (per documents filed with the court) and the hearing date provided to plaintiffs (per documents served on them).

Because defendants each signed their motion for summary judgment, Federal Rule of Civil Procedure 11 applies to both of them.  Rule 11(b) provides that, in signing motions filed with the court, the signing party is representing to the court that the motion "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  See Fed. R. Civ. P. 11(b)(1).  The court will direct defendants to each show cause, separately, in writing why the court should not impose sanctions pursuant to Rule 11 for purposefully misleading plaintiffs into attending a hearing on March 27, 2013, thereby harassing plaintiffs, causing unnecessary delay in the litigation, and needlessly increasing the cost of litigation for plaintiffs.  See Fed. R. Civ. P. 11(c)(3).  In the meantime, defendants' motion for summary judgment will be stricken.

///

---

[1] This date was not one of the undersigned's scheduled civil law and motion days for March 2013 – March 13, 2013, and March 27, 2013.  Despite the date not having been cleared by the court's courtroom deputy prior to serving and filing the motion, the court was nonetheless available on March 28, 2013, and did not drop the hearing as improperly noticed.

Turning to plaintiffs' motion for leave to amend, the court defers ruling on that motion pending plaintiffs' election whether to withdraw that motion should they choose to stand on the current complaint without amendment.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion for summary judgment (Doc. 51) is stricken;

2. Defendants shall each show cause, separately in writing by April 30, 2013, why sanctions should not be imposed under Rule 11;

3. The court defers ruling on plaintiffs' motion for leave to amend (Doc. 54); and

4. This matter is set for a telephonic status conference on April 17, 2013, at 11:00 a.m.

DATED: April 11, 2013

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE